```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

| | |
|---|---|
| **BEVERLY M. TILLMAN,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| **vs.** | * CIVIL ACTION NO. 06-00156-KD-B |
| | * |
| **JO ANNE B. BARNHART,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
|     **Defendant.** | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's unopposed Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant. (Doc. 14). This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In its Motion, Defendant requests a judgment of remand of the cause to the Commissioner of Social Security for further administrative proceedings. Specifically, Defendant states that this case should be remanded for further administrative proceedings so that: 1) on remand, the Appeals Council will vacate the August 2005 administrative decision and direct the ALJ to conduct a hearing in accordance with 20 C.F.R. § 416.1429, at which Plaintiff has the opportunity to testify; 2) the Appeals Council will direct the ALJ to evaluate whether Plaintiff's past work as a healthcare salesperson constituted substantial gainful activity; 3) if

Plaintiff cannot perform her past relevant work, the ALJ will obtain testimony from a vocational expert regarding the existence of other jobs Plaintiff could perform, based on a hypothetical question that accurately reflects all of Plaintiff's non-exertional limitations; and 4) the ALJ will ask the vocational expert to identify and explain any conflicts between his/her testimony and the Dictionary of Occupational Titles as required by Social Security Regulation 00-4p.  Defendant represents that Plaintiff's counsel has been contacted and has no objection to Defendant's motion to remand.

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g)[1] empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the undersigned **RECOMMENDS** that Defendant's unopposed motion to remand be **GRANTED**, and that this Court enter judgment reversing and remanding this cause to the Commissioner for action consistent with the Defendant's motion.  42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89 (1991).

---

[1] Although this Court's review of the denial of an application for supplemental security income falls under 42 U.S.C. § 1383(c)(3), remand is proper under 42 U.S.C. § 405(g) (which applies to disability insurance benefits as opposed to supplemental security income) because Section 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

This remand, pursuant to sentence four of section 205(g) of the Social Security Act, makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

**DONE** this **1st** day of **November, 2006.**

           <u>  /s/ SONJA F. BIVINS  </u>
           **UNITED STATES MAGISTRATE JUDGE**